J-S08028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM C. WILLIAMS, | : | |
| | : | |
| Appellant. | : | No. 1410 EDA 2018 |

Appeal from the PCRA Order, May 3, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0307231-2000.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                 **FILED APRIL 30, 2019**

William C. Williams appeals from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On February 11, 2000, Williams, while driving a stolen automobile and being pursued by the police, crashed into another vehicle.  The driver of that vehicle was killed, and its passenger, Daniel Andre, sustained serious bodily injuries.  On April 17, 2001, a jury convicted Williams of third-degree murder, aggravated assault, and related charges.  The trial court sentenced Williams to an aggregate term of 22 to 44 years of imprisonment.  On July 8, 2004, a panel of this Court affirmed Williams' judgment of sentence, and our Supreme Court denied allowance of appeal on February 24, 2005.  ***Commonwealth v.***

_____
* Former Justice specially assigned to the Superior Court.

***Williams***, 859 A.2d 838 (Pa. Super. 2004) (unpublished memorandum), *appeal denied,* 868 A.2d 1199 (Pa. 2005).

Williams filed a timely *pro se* PCRA petition on July 11, 2005. The PCRA court appointed counsel, and PCRA counsel filed an amended petition. In November 2007, the PCRA court appointed new counsel, and new counsel filed an amended PCRA petition and a supplemental PCRA petition. Williams also filed a *pro se* PCRA petition. In March 2009, the Commonwealth filed a motion to dismiss. Thereafter, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Williams' petition without a hearing. Williams filed a *pro se* response.[1] By order entered September 30, 2009, the PCRA court dismissed Williams' PCRA petition.

Williams filed a timely *pro se* appeal. On November 17, 2010, a panel of this Court affirmed the denial of post-conviction relief. ***Commonwealth v. Williams***, 22 A.3d 1073 (Pa. Super. 2010) (unpublished memorandum). Thereafter, Williams filed a *pro se* PCRA petition in 2011, and again in 2015. On both occasions, the trial court dismissed the petition and this Court affirmed. Among the issues Williams raised in his 2015 petition was the following claim:

> Whether the PCRA court erred in not invoking jurisdiction
> and granting [Williams'] a new trial as to the aggravated
> assault conviction due to trial counsel ineffectiveness by

---

[1] Williams was permitted to proceed *pro se* following a hearing pursuant to ***Commonwealth v Grazier***, 713 A.2d 81 (Pa. 1998).

> failing to object to The [sic] Commonwealth submitting [Mr. Andre's] medical records into evidence and for eliciting hearsay inculpatory testimony/evidence establishing the serious bodily injury element without [bringing] in [Mr. Andre's] medical doctor to be confronted by [Williams], both violating [Williams'] federal and state constitutional rights under the confrontation clause, since this was the earliest opportunity to bring this issue to the court and this issue is a clear violation of watershed procedural rules effecting the fundamental fairness and accuracy of the proceedings?

*Commonwealth v. Williams*, 168 A.3d 306 (Pa. Super. 2017), unpublished memorandum at 4-5. Citing case law that holds ineffective assistance of counsel claims do not overcome the jurisdictional timeliness requirements of the PCRA, we rejected Williams' claim. *See id*.

On October 13, 2017, Williams filed the *pro se* PCRA petition at issue, his fourth. On April 4, 2018, the PCRA court issued Rule 907 notice of its intention to dismiss the petition without a hearing because it was untimely, and Williams failed to plead and/or prove a time-bar exception. Williams filed a response. By order entered May 3, 2018, the PCRA court dismissed Williams' fourth petition. This appeal followed. Both Williams and the PCRA court have complied with Pa.R.A.P. 1925.

Williams phrases his sole issue on appeal as follows:

> Whether [the] PCRA court erred in denying [Williams] a new trial on the aggravated assault conviction when [Williams] initially filed this claim in a timely manner in his first PCRA petition; but was denied a meaningful review; and filed this claim pursuant to 42 Pa.C.S.A. sec. 9545(B)(1)(ii), based on new Super [sic] intervening law?

Williams' Brief at 5.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Before addressing the merits of Williams' issue, we must first determine whether the PCRA court correctly concluded that his fourth PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] 42 Pa.C.S.A. § 9545. A PCRA petition

---

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Hernandez**, 79 A.3d 651-52 (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).[3] Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, Williams' judgment of sentence became final on May 25, 2005, ninety days after our Supreme Court denied Williams' petition for allowance of appeal and the time in which to file a petition for a writ of *certiorari* in the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, Williams had until May 25, 2006, to file a timely PCRA petition. As he filed the petition at issue in 2017, it is untimely, unless Williams

---

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[3] Our legislature recently amended this section of the PCRA to provide petitioner's one year to file a petition invoking at time-bar exception. **See** Act of 2018, October 24, P.L. 894, No. 146. This amendment does not apply to Williams' serial petition.

has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Williams has failed to plead and prove an exception to the PCRA's time bar. Within his petition, Williams cited to the recent United States Supreme Court's decision in **Buck v. Davis**, 137 S.Ct. 759 (2017), as a basis for relief. In his Rule 907 response, he further explained that the **Buck** decision constitutes a newly-discovered fact which, pursuant to Section 9545(b)(1)(ii), permits him to re-visit his claim of trial counsel ineffectiveness for eliciting damaging testimony regarding his aggravated assault conviction. We disagree.

Judicial decisions are not newly-discovered facts for purposes of the PCRA's time bar exception. **Commonwealth v. Watts**, 23 A.3d 980, 986-87 (Pa. 2011). Moreover, because the United States Supreme Court's decision in **Buck,** did not create a new constitutional right, but merely applied the **Strickland** ineffectiveness standard to counsel's actions during the penalty phase of the proceedings in that case, Williams cannot meet the PCRA's time bar exception found at Section 9545(b)(1)(iii). **See Commonwealth v. Feliciano**, 69 A.3d 1270, 1277 (Pa. Super. 2013) (rejecting the PCRA petitioner's attempt to rely on recent U.S. Supreme Court decisions that did not recognize new constitutional rights, but, rather merely involved claims of counsel's alleged ineffectiveness during the plea bargaining process).

In sum, because Williams' fourth PCRA was untimely and he failed to prove an exception to the PCRA's time bar, the PCRA court correctly concluded it lacked jurisdiction. We therefore affirm the order denying post-conviction relief.[4]

Petition denied. Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/19

---

[4] On November 8, 2018, Williams filed a "Petition for an Stay and Abeyance," in which he asks this Court to stay disposition of his appeal so that he can raise an alleged "new constitutional right" that the United States Supreme Court recently recognized in ***Rosales-Mireles v. United States***, 138 S.Ct. 1897 (2018). Our review of the ***Rosales-Mireles*** decision refutes this claim, as it did no more than clarify how the federal sentencing guidelines should be considered in that case. Thus, as this decision would not establish the Section 9545(b)(1)(iii) exception, we deny Williams' petition.